XUE YU LI, Petitioner,

v.

Michael B. MUKASEY, Respondent.

No. 07–5380–ag.

United States Court of Appeals, Second Circuit.

Sept. 5, 2008.

Vlad Kuzmin, Kuzmin & Associates, P.C., New York, N.Y., for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Aviva L. Poczter, Senior Litigation Counsel, and Jesse Lloyd Busen, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Xue Yu Li, a native and citizen of the People's Republic of China, seeks review of a November 2, 2007 order of the BIA affirming the March 1, 2006 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Xue Yu Li*, No. A98 769 667 (B.I.A. Nov. 2, 2007), *aff'g* No. A98 769 667 (Immig. Ct. N.Y. City Mar. 1, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we lack jurisdiction to review the agency's pretermission of Li's asylum application, as she fails to raise a question of law or constitutional claim in challenging that finding. *See* 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328–29 (2d Cir.2006).

When, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 307 (2d Cir.2003); *superceded by statute* as *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163–64 (2d Cir.2008) (per curiam.)

■ We conclude that the IJ properly found that the evidence Li submitted failed to establish that individuals "who had given birth to United States citizen children have been subjected to coerced sterilization procedures" in China. As the Government correctly argues, none of the evidence that Li submitted addresses whether and how persons with foreign-born children are sanctioned pursuant to the family planning policy. *See Jian Xing Huang v. U.S.I.N.S.*, 421 F.3d 125, 129 (2d Cir.2005) (per curiam) (finding that the petitioner's fear of sterilization based on the birth of his children in the United States was speculative where the record lacked "solid support" for that claim). Moreover, Li's argument that the IJ ignored her testimony regarding the sterilization of her family members in China is unavailing, because she did not assert that any of these individuals were sterilized because they had a child outside of China. *See Xiao Ji Chen*, 471 F.3d at 338 n. 17 ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). Accordingly, she did not show that any similarly situated family members faced the persecution alleged. *See* 8 C.F.R. § 1208.16(b)(2)(i).

■ Properly construing Li's appeal as a motion to remand, the BIA denied the motion and found that the documents that she submitted that were unavailable prior to her hearing in 2006 did not warrant remand. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir.2005) ("[A] motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen.)." Specifically, the BIA properly found that neither the 2005 U.S. Department of State Country Report nor the "Tips for Travelers to the People's Republic of China" address the sanctions that would be imposed on individuals who return to China with foreign-born children. In her brief to this Court, Li fails to present any argument to the contrary. Additionally, the BIA found that the other documents Li submitted "were previously

available and could have been presented for the March 1, 2006, hearing," as required by 8 C.F.R. § 1003.2(c)(1). While Li argues that the BIA abused its discretion in failing to consider the evidence that she submitted with her appeal, she fails to demonstrate that the documents that the BIA did not specifically address were unavailable or undiscoverable at the time of her hearing. Accordingly, we cannot conclude that the BIA abused its discretion in denying her motion to remand.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.